# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-441V**

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *    *
                                              *
LAWRENCE HOOD,                                *
                                              *
              Petitioner,                     *    Special Master Shah
                                              *
v.                                            *    Filed: April 30, 2026
                                              *
SECRETARY OF HEALTH                           *
AND HUM. SERVICES,                            *
                                              *
              Respondent.                     *
                                              *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *    *
```

*Bridget McCullough,* Muller Brazil LLP, Dresher, PA, for Petitioner.
*Camille Collett,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 15, 2020, Lawrence Hood ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2]  ECF No. 1 ("Pet."). Petitioner alleged that he suffered from brachial neuritis as a result of the influenza ("flu") vaccination he received on March 4, 2019. *Id*. at 1. On July 9, 2025, Respondent filed a Stipulation, which I adopted in a Decision awarding compensation the same day. ECF Nos. 86-87. Petitioner was awarded $30,000.00 in damages. ECF No. 87.

On December 26, 2025, Petitioner filed an application for final attorneys' fees and costs. ECF No. 93 ("Fees App."). Petitioner requests attorneys' fees and costs in the amount of $54,733.62, consisting of $35,628.60 in attorneys' fees and $19,105.02 in attorneys' costs. *Id*. at

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

2.  Additionally, Petitioner filed a signed statement representing that he did not incur any costs related to the prosecution of this case.  ECF No. 92.  Respondent responded to the application for fees and costs on January 6, 2026, stating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs."  ECF No. 94 ("Fees Resp.") at 2, 5.  Petitioner did not file a reply.

This matter is now ripe for consideration.

## I.   Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs."  § 300aa–15(e)(1)(A)–(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  *See Blum v. Stenson*, 465 U.S. 886, 895 (1984).  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 895 n.11.  The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable.  *Id.*

### A.  Reasonable Hourly Rates

Petitioner requests the following rates of compensation for his counsel: for Mr. Paul Brazil, $325.00 per hour for work performed in 2019, and $350.00 per hour for work performed in 2020; for Ms. Shealene Mancuso, $275.00 per hour for work performed in 2020; for Ms. Bridget McCullough, $250.00 per hour for work performed in 2020, $275.00 per hour for work performed in 2021, $300.00 per hour for work performed in 2022, $350.00 per hour for work performed in 2023, $375.00 per hour for work performed in 2024, and $400.00 per hour for work performed in 2025; and for Mr. Maximillian Muller, $375.00 per hour for work performed in 2021, and $425.00 per hour for work performed in 2023.  *See* Fees App., Ex. A *generally*.  Petitioner also seeks compensation for paralegals and support staff, ranging from $125.00-$180.00 per hour for work performed from 2019-2025.  *Id*.  These rates are consistent with what counsel and staff have previously been awarded for their Vaccine Program work, and I find them to be reasonable here.

*See, e.g., Cervantes* v. *Sec'y of Health & Hum. Servs.,* No. 20-0827V, 2025 WL 2642832 (Fed. Cl. Spec. Mstr. Aug. 15, 2025); *Wadhwa* v. *Sec'y of Health & Hum. Servs.,* No. 23-747V, 2025 WL 1483353 (Fed. Cl. Spec. Mstr. April 21, 2025).

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be largely reasonable; however, a minor reduction is necessary. There were two entries in the submitted billing records, totaling 0.5 hours, for the following clerical or administrative tasks:

- March 25, 2020: 0.30 hours billed at $150.00/hour by paralegal Ms. Tereza Pavlacsek to "E-File Petition and Exhibits"; and

- January 5, 2022: 0.20 hours billed at $177.00/hour by Ms. Pavlacsek to "Prepare CD for expert."

Fees App., Ex. A. These tasks resulted in $77.00 in charged fees. Accordingly, I find that a **$77.00** reduction in attorneys' fees is appropriate.

Additionally, several entries in the submitted billing records, totaling 2.2 hours, were performed by attorneys, but should have been billed using a paralegal rate. "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these tasks are reasonable, they must be charged at non-attorney rates. Examples include (but are not limited to):

- March 20, 2020: 0.20 hours billed at $275.00/hour by attorney Ms. Mancuso to "Prepare Notice of Filing";

- March 24, 2022: 0.20 hours billed at $300.00/hour by attorney Ms. McCullough to "Prepare Petitioner's Updated Exhibit List";

- November 13, 2023: 0.10 hours billed at $425.00/hour by attorney Mr. Muller to "Prepare Notice of Filing Exhibit 40"

3

*See* Fees App., Ex. A.  Accordingly, I find that a **$292.50** reduction in attorneys' fees for these tasks is warranted.[3]

Accordingly, Petitioner is awarded final attorneys' fees in the amount of **$35,259.10**.

## C.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $19,105.02 in attorneys' costs.  Fees App. at 2.  This amount is comprised of costs associated with acquiring medical records, the Court's filing fee, postage, and expert services provided by Dr. Daniel L. Menkes, M.D., at $500.00 per hour for 36 hours, totaling $18,000.00.  Fees App., Ex. B at 1-18.  Dr. Menkes's requested rate is consistent with what he has been awarded for his past work in the Program, and his billing records appear reasonable. *See Edwards* v. *Sec'y of Health & Hum. Servs.*, No. 20-612V, 2024 WL 1740483, at *3 (Fed. Cl. Spec. Mstr. Mar. 26, 2024).  Accordingly, I find Dr. Menkes's requested expert fees are reasonable and shall be awarded.

Petitioner has provided adequate documentation supporting the remaining costs, and Respondent has not identified any specific costs as objectionable.  I find these costs to be reasonable and award them in full.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable in part.  I find that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $35,628.60 |
| (Reduction to Fees) | ($369.50) |
| **Total Attorneys' Fees Awarded** | **$35,259.10** |
| | |
| Attorneys' Costs Requested | $19,105.02 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$19,105.02** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$54,364.12** |

**Accordingly, I award a lump sum in the amount of $54,364.12, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

---

[3] This amount is calculated as: ($275.00 - $163.00) x 1.30 hrs. = $145.60 + ($300.00 - $177.00 = $123.00 x 0.50 hrs. = $61.50) + ($425.00 - $186.00 x 0.2 hours = $47.80) + ($400.00 - $212.00 x 0.2 hours = $37.60) = **$292.50**.

4

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/ Jennifer A. Shah**</u>
Jennifer A. Shah
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).